UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BULMARO M. ARIAS, | ) | 1:10-CV-00044 OWW GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| JAMES D. HARTLEY, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On January 8, 2010, Petitioner filed the instant habeas petition. He claims the California Department of Corrections and Rehabilitation ("CDCR") has violated his constitutional rights by deducting victim restitution fines that were stayed by the sentencing court.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that habeas relief under § 2254 is appropriate only for state prisoners who challenge the legality of their custody and seek immediate or early release. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Petitioner does not ask to be released. Instead, he asks that the Court order the CDCR to stay the restitution fine. Since this claim is not cognizable, his petition must be denied. See Moore v. Nelson, 270 F.3d 789, 792 (9th Cir.2001) (imposition of a fine does not constitute custody for purposes of habeas corpus review).

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to state a cognizable claim.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after the date of service of this order, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant
2  to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified
3  time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
4  Cir. 1991).

      IT IS SO ORDERED.

     **Dated:**    **March 18, 2010**             **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE